UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROBERT CERNIGLIA, et al.,           ) | 1:06-CV-1767 OWW JMD HC |
| )  | |
| Petitioners,           ) | |
| )  | ORDER DENYING APPLICATION FOR |
| v.           ) | CLASS ACTION STATUS |
| )  | |
| )  | (DOCUMENT #21) |
| STEVEN MAYBERG, et al.,           ) | |
| )  | ORDER SETTING BRIEFING SCHEDULE |
| Respondents.           ) | |
| )  | |

Petitioners, who are housed at Coalinga and Atascadero State Hospitals under civil, involuntary commitments, are proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition raises the following constitutional claims: 1) violation of Fourth and Fourteenth Amendment rights when Petitioners are placed in the custody of the California Department of Corrections (CDC) for transportation; and 2) violation of equal protection and due process rights when CDC officers operate the Patient Visiting Registration Desk at Coalinga State Hospital. Petitioner Cerniglia and other specific individuals seek to assert these claims on behalf of the entire class of similarly-situated individuals at Coalinga and Atascadero.

Under certain circumstances, a petition for writ of habeas corpus may be treated as a class action. Mead v. Parker, 464 F.2d 1108, 1112-13 (9th Cir. 1972); Cox v. McCarthy, 829 F.2d 800, 804 (9th Cir. 1987) ("This court has held that a class action may lie in habeas corpus."); see also

1  U.S. ex rel. Sero v. Preiser, 506 F.2d 1115, 1125-27 (2d. Cir. 1974); Williams v. Richardson, 481
2  F.2d 358, 361 (8th Cir. 1973).  There are, however, various reasons for a court to decline to treat a
3  habeas petition as a class action.  One such reason is that the relief sought, if obtained, would
4  necessarily benefit all individuals in the class whether or not they were made parties.  See Mead, 464
5  F.2d at 1112; see also Access Now Inc. v. Walt Disney World Co., 211 F.R.D. 452, 455 (M.D. Fla.
6  2001). "A court has considerable latitude in deciding how best to proceed."  Mead, 464 F.2d at
7  1112.

8       Here, Petitioners seek a court order directing the CDC to "cease all involvement in any and
9  every aspect of the operation of Coalinga State Hospital." (Petition at 20.)  Alternatively, Petitioners
10 seek an order releasing them from their confinement because the CDC's participation in the
11 operation of Coalinga State Hospital transforms it into a prison.  (Petition at 16, 20.)  Class treatment
12 is therefore unnecessary as either form of relief, if granted, would necessarily benefit all individuals
13 in the class Petitioners seek to represent whether or not they were made parties to the petition.

14      The determination that Petitioners cannot proceed as a class does not, however, dispose of
15 the merits of their claims.  Mead v. Parker, 464 F.2d 1108, 1112 (9th Cir. 1972) ("In all actions,
16 whether determined to be class actions or not, there are individuals who bring the action asserting
17 claims for relief in their own behalf. . . . The class action *vel non* decision does not determine the
18 merits of their claims, and it is improper to dismiss them because the action is not a class action.").
19 Several individuals who signed the Application for Class Action Status, including Elijah Lopes,
20 Robert Clark, and Terry Troglin, have submitted declarations and other evidence establishing that
21 they were transported to outside medical appointments by the CDC.  (Application for Class Action
22 Status, Ex. A at 1, 4; Petition, Ex. D.)  Similarly, other petitioners including Harold Derry, Randy
23 Daniels, Douglas Gaines, and Khanh Nguyen, who also signed the Application for Class Action
24 Status, have submitted evidence establishing that they were negatively impacted by the CDC's
25 operation of the Patient Visiting Registration Desk at Coalinga State Hospital.  (Application for
26 Class Action Status, Ex. A at 3, 6, 8; Petition, Ex. E [mislabeled as exhibit D].)  It therefore appears
27 that there are several petitioners who have standing to assert each of the constitutional claims and
28 who have properly exhausted the claims by presenting them to the state courts.  (Petition, Exs. A-C.)

1  Respondent, however, in its answer, only addressed the petition as to Petitioner Cerniglia,
2  arguing that he failed to adequately allege facts demonstrating he was personally impacted by the
3  alleged constitutional violations.  As the Court must address the substantive merits of the claims,
4  Respondent will be ordered to submit further briefing addressing the merits of the claims raised in
5  the petition.  Petitioners will then have an opportunity to respond.
6  Accordingly, the Court HEREBY ORDERS as follows:
7  1) Petitioners' application for class action status is denied;
8  2) Respondent shall, within 45 days of the date of service of this order, submit an answer
9  addressing the merits of the claims raised in the petition; and
10  3) Petitioners' reply, if any, is due within 30 days of the date Respondent's answer is filed
11  with the Court.

13  IT IS SO ORDERED.
14  **Dated:   October 29, 2008**          **/s/ John M. Dixon**
                                            UNITED STATES MAGISTRATE JUDGE